IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BENNY RAY RILEY, JR.                                                                    PLAINTIFF

V.                                      NO: 3:11CV00093 JMM

CRAIGHEAD COUNTY                                                                      DEFENDANT

### ORDER

Plaintiff, currently held at the Craighead County Detention Facility, filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on May 24, 2011. Because Plaintiff has failed to state a claim upon which relief may be granted, his complaint must be dismissed.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible

1

on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, he was sentenced to 270 days in jail or rehabilitation for two misdemeanor offenses. Plaintiff began his sentence at the Craighead County Detention Center, and then transferred to a rehabilitation facility. However, when he returned to the detention center, Plaintiff claims, he was not given credit for time he previously served, and is scheduled to serve 15 months on his sentence as a result of the error. Plaintiff seeks credit for time he served, his immediate release, and damages for the time he spent in confinement beyond the 270 day sentence.

Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (state prisoners may use only *habeas* remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of State's custody); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a petitioner generally must fully exhaust all available state remedies before commencing a federal *habeas* action to invalidate his commitment).

Additionally, Plaintiff cannot be awarded damages because any judgment in his favor would imply the invalidity of his continued incarceration. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into

question by issuance of a federal writ of *habeas corpus*. *Id*. at 486-487. There is no indication that Plaintiff's conviction has been reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*, and any judgement in his favor would certainly imply the invalidity of his continued incarceration. Accordingly, Plaintiff has failed to state an actionable claim, and his complaint must be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  12  day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE